UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDLE GRIFFIN

    Plaintiff,

v.

RUM LOUIS CONDON, RUO
JOSEPH DOWNARD, and RUO
GARY MCMURTRIE
In Their Individual Capacity,

    Defendants.

Case No. 5:11-cv-14876

Hon. John Corbett O'Meara

Mag. Stephanie Davis

---

Wade Fink (P78851)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 400
Detroit, Michigan 48226
(313) 223-3500
wfink@dickinsonwright.com
*Attorneys for Plaintiff*

Clifton B. Schneider (P70582)
Michigan Dep't of Attorney General
CLEE Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
*Attorneys for Defendants*

---

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE JURY
INSTRUCTION AND ARGUMENT RELATED TO
THE CHECKMATE DOCTRINE**

Plaintiff Randle Griffin ("Plaintiff"), by his attorneys, Dickinson Wright PLLC, moves this Court to preclude any: (a) jury instructions or (b) argument related to the "checkmate doctrine."

In support of his Motion, Plaintiff relies on the pleadings on file with this Court and on the facts and argument contained in his accompanying Brief in Support.

        Respectfully Submitted,

        DICKINSON WRIGHT PLLC

        By: */s/ Wade G. Fink*
            Wade G. Fink (P78751)
        Attorneys for Plaintiff
        500 Woodward Ave., Suite 4000
        Detroit, Michigan  48226
        313-223-3500
        wfink@dickinsonwright.com

Dated: January 3, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDLE GRIFFIN

    Plaintiff,

v.

RUM LOUIS CONDON, RUO
JOSEPH DOWNARD, and RUO
GARY MCMURTRIE
In Their Individual Capacity,

    Defendants.

Case No. 5:11-cv-14876

Hon. John Corbett O'Meara

Mag. Stephanie Davis

---

Wade Fink (P78851)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 400
Detroit, Michigan 48226
(313) 223-3500
wfink@dickinsonwright.com
*Attorneys for Plaintiff*

Clifton B. Schneider (P70582)
Michigan Dep't of Attorney General
CLEE Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
*Attorneys for Defendants*

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO
PRECLUDE JURY INSTRUCTION AND ARGUMENT RELATED TO
<u>THE CHECKMATE DOCTRINE</u>**

I.   **INTRODUCTION AND RELEVANT FACTUAL BACKGROUND**

Plaintiff alleges, among other things, Defendant Joseph Downard wrote a false misconduct ticket against Plaintiff for (ostensibly) being "out of place" (*i.e.*, not timely arriving at work). But Plaintiff intends to prove that this ticket constitutes an adverse action because Plaintiff actually had a legitimate reason for being late to work. And rather than the ticket having substantive merit, Plaintiff intends to prove that Defendant Downard wrote the ticket as a retaliation tactic, in violation of Plaintiff's First Amendment rights, due to Plaintiff's participation in a State-run prison investigation into Defendant Downard's colleague—Defendant Louis Condon. All of that notwithstanding, the Michigan Department of Corrections' ("MDOC") internal hearing officers found Plaintiff "guilty" for being "out of place."

In the Joint Final Pretrial Order, Defendants state under "Issues of Law to be Litigated" that Defendants are entitled to qualified immunity because the "plaintiff is 'checkmated' as to the Condon (sic)[1] ticket" (D/E #91, pg. 15), and that Defendants intend to litigate whether "plaintiff [is] bound by the facts established in the Downard ticket hearing" (D/E #91, pg. 17). Through this Motion, Plaintiff now seeks to preclude: (a) any jury instruction stating that Plaintiff is "checkmated" from arguing the retaliatory purpose of the Downard ticket; and (b) any argument from Defendants that Plaintiff is barred from challenging the propriety of the Downard ticket. The parties already litigated these issues at the

---

[1] Based on the context and obvious contours of this case, it is expected that Defendants intended to reference the "Downard ticket" (not the "Condon ticket").

summary judgment phase, and this Court ruled that the "checkmate doctrine" is inapplicable.

## II. LEGAL ARGUMENT

### A. The Law Of The Case Doctrine Bars Defendants From Raising The "Checkmate Doctrine"

Defendants intend to have the jury instructed that the MDOC's finding of guilt on Defendant Downard's misconduct ticket is dispositive and that Plaintiff is not entitled to challenge its propriety. But this jury instruction, and any corresponding argument, should *not* be permitted because this Court already found that the "checkmate doctrine" does not apply, in part because "plaintiff has proffered evidence of threats by defendants to issue additional misconduct tickets and threats of further physical harm, which sufficiently support the adverse action prong of plaintiff's retaliation claim, creating a genuine issue of material fact." D/E #85, pg. 16-18; D/E #89.

Under the "law of the case" doctrine, a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988); 1B J. MOORE, J. LUCAS, & T. CURRIER, MOORE'S FEDERAL PRACTICE ¶ 0.404[1], at 117 (1988). Indeed, the "law of the case" doctrine applies with equal force to decisions of coordinate courts in the same case and the court's own decisions. *Id.* And the Supreme Court recognizes that one purpose of the rule is to prevent the continued litigation of settled issues. *Id.*

In this case, this Court's endorsement of the Magistrate Judge's opinion is clear: the "checkmate doctrine" does not prevent Plaintiff from challenging the propriety of the ticket written by Defendant Downard. And while it is true that district courts may revisit prior findings, the Supreme Court cautions that courts should "loathe to [re-open issues already decided] in the absence of extraordinary circumstance." *Id.* Notably, a decision to reopen an issue already decided must be decided under a "clearly erroneous" standard. *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990). And here, there is nothing clearly erroneous about this Court's decision on summary judgment.

### B. Additional Reasons Justify Exclusion Of The Checkmate Doctrine

In addition to the "law of the case" doctrine, the case law cited by the Magistrate Judge, and this Court, on this issue is compelling, and further justifies exclusion of the "checkmate doctrine."

Specifically, the Magistrate Judge cited *Maclin v. Holden*, 2015 WL 4634170 (E.D. Mich 2015)[2] and *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007) as "instructive." In *Maclin*, the Court found that the checkmate doctrine must not be applied with "uncritical application." *Maclin*, at *5. The Court explained that "to allow retaliatory discipline claims only where prison disciplinary proceedings terminated in plaintiff's favor 'would unfairly tempt corrections officers to enrobe themselves and their colleagues in what would be an absolute shield against retaliation claims.'" *Maclin*, at *5 (citing *Wagner v. Randall*, 2014 WL 4843686

---

[2] All unpublished opinions attached as **Exhibit A**.

3

(E.D. Mich 2014) (quoting *Woods v. Smith,* 60 F.3d 1161, 1164-65 (5th Cir. 1995)). And in *Thomas,* the trial court dismissed a complaint due to a guilty finding on a misconduct ticket the plaintiff claimed was written as a retaliatory measure. The Sixth Circuit reversed, finding that the plaintiff "may have been able to establish retaliation [as a] motivating factor for the misconduct ticket." *Thomas,* at 441.

In this case, Plaintiff proffered a plethora of evidence to show that Defendants intended to retaliate against him, at least in part, for his cooperation in a State-run prison investigation. This evidence includes two witnesses who will testify that they overheard the Defendants conspiring to write false misconduct tickets against Plaintiff. Accordingly, the case law cited by the Magistrate Judge in this case, and affirmed by this Court, supports an *in limine* ruling that Defendants be precluded from arguing to the jury, or otherwise instructing the jury, related to the "checkmate doctrine."

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court preclude: (a) any jury instruction stating that Plaintiff is "checkmated" from arguing the retaliatory purpose of the Downard ticket; and (b) any argument from Defendants that Plaintiff is barred from challenging the propriety of the Downard ticket.

Respectfully Submitted,

DICKINSON WRIGHT PLLC


By: /s/ Wade G. Fink
    Wade G. Fink (P78751)
Attorneys for Plaintiff
500 Woodward Ave., Suite 4000
Detroit, Michigan 48226
313-223-3500
wfink@dickinsonwright.com

Dated: January 3, 2017

---

**PROOF OF SERVICE**

I hereby certify that on January 3, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

/s/ Wade G. Fink (P78751)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500
wfink@dickinsonwright.com

---

DETROIT 99997-1433 1410553v5

5