UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDLE GRIFFIN,

               Plaintiff,

v.

RUM LOUIS CONDON, RUO
JOSEPH DOWNARD, and RUO
GARY MCMURTRIE,

               Defendants.

_____/

No. 11-CV-14876

Hon. John Corbett O'Meara

F I L E D

JAN 2 3 2017

CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

## JURY INSTRUCTIONS

**Faithful Performance of Duties;
Jury to Follow Instructions**

Members of the jury, the evidence and argument in this case have been completed, and I will now instruct you as to the law.

Faithful performance by you of your duties is vital to the administration of justice.

The law you are to apply in this case is contained in these instructions, and it is your duty to follow them. You must consider them as a whole and not pick out one or some instructions and disregard others.

Following my instructions, you will go to the jury room and deliberate and decide on your verdict.

## Facts To Be Determined From Evidence

It is your duty to determine the facts from evidence received in open court. You are to apply the law to the facts and in this way decide the case. Sympathy or prejudice must not influence your decision. Nor should your decision be influenced by prejudice regarding race, sex, religion, national origin, age, handicap, or any other factor irrelevant to the rights of the parties.

## Admission of Evidence

The evidence you are to consider consists of testimony of witnesses and exhibits offered and received. The admission of evidence in court is governed by rules of law. From time to time it has been my duty as judge to rule on the admissibility of evidence. You must not concern yourselves with the reasons for these rulings, and you must not consider any exhibit to which an objection was sustained.

## Attorneys' Statements Not Evidence;
## Admission by Attorney

Arguments, statements and remarks of attorneys are not evidence; and you should disregard anything said by an attorney which is not supported by evidence or by your own general knowledge and experience. However, an admission of fact by an attorney is binding on his or her client.

## Admission of a Party

One type of evidence is known as an admission of a party.  The admission may be a statement made in the pleading filed in the case, a statement on the record during testimony, or a statement in a written exhibit. Attorneys may also make an admission on behalf of their clients.

## All Persons Equal Before the Law—Individuals

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

## Judge's Opinion as to Facts Is to Be Disregarded

I have not meant to indicate any opinion as to the facts by my rulings, conduct, or remarks, during the trial; but if you think I have, you should disregard it, because you are the sole judges of the facts.

### Jury to Consider All the Evidence

In determining whether any fact has been proved, you shall consider all of the evidence bearing on that fact without regard to which party produced the evidence.

## Direct and Circumstantial Evidence

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence -- such as the testimony of an eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

It is not necessary that every fact be proven directly by a witness or an exhibit. A fact may be proven indirectly by other facts or circumstances from which it usually and reasonably follows according to the common experience and observation of mankind. This is called circumstantial evidence, which you are to consider along with other evidence in the case.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with all the evidence in the case, both direct and circumstantial.

## Jurors May Take Into Account
## Ordinary Experience and Observations


You have a right to consider all the evidence in the light of your own general knowledge and experience in the affairs of life and to take into account whether any particular evidence seems reasonable and probable. However, if you have personal knowledge of any particular fact in this case, such knowledge may not be used as evidence.

## Credibility of Witnesses

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testified, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, demeanor, and manner while on the stand. Consider each witness's ability to observe the facts as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you the jury to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent misrecollection is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight as you determine it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

## Witness Who Has Been
## Interviewed by an Attorney

It has been brought out that an attorney or his representative has talked with a witness.  An attorney or his representative may properly talk with a witness for the purpose of learning what the witness knows about the case and what testimony he or she will give.

14

## Weighing Conflicting Evidence -- Number of Witnesses

Although you may consider the number of witnesses testifying on one side or the other when you weigh the evidence as to a particular fact, the number of witnesses alone should not persuade you if the testimony of the lesser number of witnesses is more convincing.

## Consideration of Deposition Evidence

During the trial, certain evidence was presented to you by the reading and viewing of depositions. A deposition is a record of the sworn testimony of parties or witnesses taken before an authorized person. All parties and their attorneys had the right to be present and to examine and cross-examine the witnesses.

This evidence is entitled to the same consideration as you would give the same testimony had the witness or witnesses testified in open court.

## Prior Inconsistent Statement of Witness

If you decide that a witness said something earlier that is not consistent with what the witness said in court, you may consider the earlier statement in deciding whether to believe the witness, but you may not consider it as proof of the facts in this case.

However, there are exceptions. You may consider an earlier statement as proof of the facts in this case if:

a. the statement was made by the plaintiff, the defendant, or the agent or employee of either;

b. the statement was given under oath subject to the penalty of perjury at a trial, hearing, or in a deposition; or

c. the witness testified during the trial that the earlier statement was true.

17

**Impeachment of a Party by Prior Inconsistent Statement**

If you determine that a party at some earlier time said something that does not agree with what the party testified to here on an important point, you may consider the earlier statement not only in deciding whether you should believe the party, but also as evidence of the facts in this case.

## All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## Preponderance of the Evidence

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may

have called them, and all exhibits in evidence, regardless of who may have

produced them.

## Charts and Summaries

Charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

The charts and summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

## Inferences

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## Multiple Defendants

Although there is more than one defendant in this action, it does not follow from the fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. All instructions I give you govern the case as to each defendant.

## Not Required to Accept Uncontradicted Testimony

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the witness's testimony, or for other reasons you find sufficient, that such testimony is not worthy of belief.

## Definitions Introduced

I shall now give you the definitions of some important legal terms. Please listen carefully to these definitions so that you will understand the terms when they are used later.

## Stipulations

Before the trial of this case, there were certain stipulations or agreements in which the parties agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

(1) On March 2, 2011, Defendant Joseph Downard wrote a misconduct ticket against Plaintiff for being "out of place."

(2) On March 3, 3011, Defendant Gary McMurtrie wrote a misconduct ticket against Plaintiff for being "out of place." This ticket was dismissed on March 4, 2011.

(3) Plaintiff lost his job as a porter as a result of the misconduct ticket written by Defendant Joseph Downard on March 2, 2011.

## Generally – 1983 Action

The federal civil rights act under which plaintiff brings this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment to the Constitution provides that:

> No state shall make or enforce any law which shall abridge
>
> the privileges or immunities of citizens of the United States;
>
> nor shall any State deprive any person of life, liberty, or
>
> property without due process of law; nor deny to any person
>
> within its jurisdiction the equal protection of the laws.

As a matter of law, under the Constitution of the United States every citizen has the right to his liberty, that is, the right not to be wrongfully denied his First Amendment rights. Every person has the right under the Constitution to the freedom of speech, the freedom to raise matters of public

28

concern, and the freedom to petition the government for a redress of grievances.

Section 1983, the federal civil rights statute under which plaintiff sues, provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

## First Amendment Retaliation Claim - Count 1

Plaintiff in this case claims that the evidence shows that he participated in the Legislative Corrections' Ombudsman's investigation of the Gus Harrison Correctional Facility, which if true is protected by his First Amendment rights. Plaintiff claims that he was retaliated against for exercising these rights.

In order to prove his claim, the burden is upon Plaintiff Griffin to establish by a preponderance of the evidence each of the following elements:

FIRST.    That the Plaintiff was engaged in constitutionally protected conduct.

SECOND.  That the Defendants took adverse actions against the Plaintiff that would likely deter a person of ordinary firmness from continuing to engage in the protected conduct.

THIRD.    That the Defendants' adverse actions against Plaintiff were motivated at least in part by Plaintiff's protected conduct.

If you find that the Plaintiff has proven by a preponderance of the evidence each of these elements, your verdict will be for the Plaintiff.   If you find that the Plaintiff has not proven by a preponderance of the evidence each of these elements, your verdict will be for the Defendants.

## Count I of Plaintiff's Complaint

In Count I of plaintiff's complaint, plaintiff claims that all three of the defendants in this case violated Section 1983 of the Civil Rights Act individually. Accordingly, as I give you the instructions on each element that plaintiff must prove, you are instructed to decide if each individual defendant, based on his own actions, is liable to the plaintiff. You may find that none, one, two, or all three defendants are liable to plaintiff for plaintiff's direct claims.

**Protected Conduct**

The first element plaintiff must prove is that he engaged in protected conduct under the First Amendment to the United States Constitution.   Protected conduct under the First Amendment includes informing appropriate government bodies

of improper conduct by prison officials.   A prisoner also retains a First Amendment right to respond to questions by a prison investigator, as long as he does not intentionally or recklessly make false statements.

## Adverse Action

The second element plaintiff must prove is that one, two, or all three defendants took an adverse action or took adverse actions against plaintiff that would deter a person of ordinary firmness from continuing to engage in the protected conduct under the First Amendment. In other words, in order to satisfy this second element, plaintiff must demonstrate that the actions plaintiff alleges were taken by one, two, or all of the defendants would have the effect of deterring an ordinary prisoner from informing appropriate government bodies of alleged misconduct by prison officials or responding to questions posed to an ordinary prisoner by a prison investigator.

## Causation

The third and final element plaintiff must prove in order to prevail against any or all individual defendants on his claims is that the adverse actions that you find occurred were motivated, at least in part, by plaintiff's protected conduct under the First Amendment.

This element centers on the defendants' motives. Because direct evidence of retaliatory intent is rare, circumstantial evidence may be used to establish a connection between each defendant's action and plaintiff's protected conduct. For example, you are permitted to infer retaliatory motive based on a close temporal proximity between the protected conduct and the alleged retaliatory acts.

If you find that any or all of the alleged adverse actions were causally related, at least in part, to plaintiff's alleged protected conduct, then this element has been met. However, if a defendant proves that he would have taken the same action in the

absence of the protected conduct, the element of causation is not met with respect to that adverse action.

## Count II – Conspiracy

In Count II of plaintiff's complaint, plaintiff claims that all three defendants, collectively, conspired to violate plaintiff's First Amendment rights.   A conspiracy under Section 1983 exists where there is an agreement by two or more defendants to injure plaintiff by violating his constitutional rights.   In order to succeed on his conspiracy claim, plaintiff must prove the following elements:

(1) A single plan or agreement by two or more defendants;

(2) A shared conspiratorial objective by two or more defendants;

(3) An overt act committed by one or more defendants in furtherance of the conspiracy; and

(4) An injury to the plaintiff – that is, that the plaintiff suffered a constitutional violation. This fourth element requires you to find

that at least one of the constitutional violations complained of occurred.

You are instructed that each conspirator need not have known all the details of the illegal plan or all of the participants involved, but rather that each co-conspirator shared in the general conspiratorial objective and that objective was accomplished by one or more of the co-conspirators violating plaintiff's constitutional rights.

In order to find for plaintiff on his conspiracy claim, you must find that plaintiff suffered a violation of his First Amendment rights as described in prior instructions. However, you are not required to find that all of plaintiff's theories of constitutional violations occurred in order to find for plaintiff on conspiracy. For example, you may believe that all of the defendants conspired to violate plaintiff's First Amendment rights, but that only one defendant actually violated plaintiff's rights. If that was the case, as an example only, you would find for the plaintiff.

You are instructed that if you find plaintiff has proven a conspiracy, you must find two or all defendants are liable to plaintiff.

**Actual Damages**

If you find in favor of Plaintiff Randle Griffin then you must award him such sum as you find from the preponderance of the evidence will fairly and justly compensate him for any damages you find he sustained as a direct result of the alleged unconstitutional conduct. There are two types of damages that fall within this category of actual damages: compensatory damages or presumed damages.

In making a damages determination, you can consider the category of compensatory damages, which are the actual losses suffered by plaintiff. For this, you should consider plaintiff's wages lost due to the alleged constitutional violation.

The law also provides for presumed damages when a First Amendment violation occurs.   Presumed damages are appropriate when a plaintiff suffers an actual injury, but damages are difficult to establish or measure.  There is no definite standard or method by which you are to calculate any presumed damages. If you believe plaintiff should be awarded damages, you may use

your calm and reasonable judgment in light of the evidence as to the amount of reasonable compensation. You must not include any amount for emotional or mental distress, but rather, the value of plaintiff's losses. Plaintiff claims he lost of number of liberties that he had before the alleged misconduct took place in this case. You are permitted to approximate compensation for the real injuries, if any, you believe occurred, as a result of the constitutional violation. These damages are designed to compensate actual losses that are difficult to measure in dollar amounts, and must reflect the real injury sustained, not the abstract value of the constitutional right at issue or the importance of the right in our system of government.

Throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award any damages under this instruction by way of punishment or through sympathy.

## Nominal Damages

If you find in favor of Plaintiff Randall Griffin, but you find plaintiff's damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of one dollar.

## Punitive Damages

In addition to the damages mentioned in the other instructions, the law permits you to award an injured person punitive damages under certain circumstances in order to punish defendants for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff Randall Griffin and against any or all of Defendants Louis Condon, Gary McMurtrie, and/or Joseph Downard, and/or you find liability for a conspiracy against two or more defendants, and if you find the conduct of any or all defendants as submitted was recklessly and callously indifferent to plaintiff's First Amendment rights, then, in addition to any other damages to which you find the plaintiff is entitled, you may, but are not required to, award plaintiff an additional amount as punitive damages if you find it is appropriate to punish any or all defendants or deter any or all defendants and others from like conduct in the future. Whether to award Plaintiff punitive damages

and the amount of those damages are within your sound discretion.

You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against each defendant may be the same or they may be different.

## Avoidance of Double Recovery

If you find Defendants violated plaintiff's rights more than once, plaintiff is entitled to be compensated only for the injuries plaintiff actually suffered. Thus, if the defendants violated plaintiff's rights more than once, but the resulting injury was no greater than it would have been had defendants violated his rights one time, you should award an amount of compensatory damages no greater than you would award if defendants had violated the plaintiff's rights only one time.

If defendants violated more plaintiff's rights more than once and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and just compensate plaintiff for the separate injuries plaintiff has suffered.

Finally, this instruction does not apply to punitive damages. Punitive damages may be awarded against none, any, or all of the defendants in any amount you deem appropriate given your instruction on punitive damages.

## Deliberations

The following instructions concern the manner of your deliberations.

**Election of Foreperson -- General Verdict**

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

## Verdict - Unanimous - Duty to Deliberate

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in this case.

## Communications Between Court and Jury
## During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by the foreperson, by way of one of the Court staff members.

When you reach an agreement as to the verdict, you should send a note to the staff, signed by the foreperson, on which you shall state only that a verdict has been reached.

## Verdict Forms -- Jury's Responsibility

It is proper to add the caution that nothing said in these instructions -- nothing in any form of verdict prepared for your convenience -- is to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

**Jury Instructions**

I will give you a copy of these instructions for your use while deliberating.  It is available to each of you.  If you have questions about the law or your duties as jurors, you should consult the copy of the instructions as given to you.

I am also sending in all of the exhibits with you for your use while deliberating.

**Verdict**

A verdict form is attached to these instructions.  You will take this form to the jury room and when you have reached agreement as to the answers, in accordance with these instructions, you will have your foreman fill in the date and sign the form.  You will then notify the Court's staff that you have reached a verdict, and bring the verdict form with you upon your return to the Court.

I will now explain the verdict form to you.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

RANDALL GRIFFIN (MDOC
#196968), a/k/a Randle Griffin,

       NO. 5:11-cv-14876

    Plaintiff,

       HON. JOHN CORBETT O'MEARA

v.

LOUIS CONDON, JOSEPH
DOWNWARD, and GARY
MCMURTRIE,

    Defendants.

---

## VERDICT FORM

### 1. Form of Verdict:

1.    Do you find that Plaintiff proved, by a preponderance of the evidence, that any of the Defendants violated the Plaintiff's First Amendment rights?

| | | |
|---|---|---|
| Condon | Yes_____ | No_____ |
| Downard | Yes_____ | No_____ |
| McMurtrie | Yes_____ | No_____ |

If you answered "No" as to all Defendants, you have reached a verdict. Have your foreperson sign the verdict form and inform the bailiff. If you answered "Yes" as to any Defendant, complete questions 2 and 3.

2.     Do you find that Plaintiff proved, by a preponderance of the evidence, that two or more of the Defendants committed a conspiracy to violate the Plaintiff's First Amendment rights?

Condon            Yes_____            No_____

Downard           Yes_____            No_____

McMurtrie         Yes_____            No_____


3.     We find that the Plaintiff proved his claim(s), by a preponderance of the evidence, in Count 1 and/or Count 2 and we award damages in the following amounts:

Condon:      Actual/Compensatory/Presumed
             **OR** Nominal Damages                    $_____

             Punitive                                  $_____

Downard:     Actual/Compensatory/Presumed
             **OR** Nominal Damages                    $_____

             Punitive                                  $_____

McMurtrie:   Actual/Compensatory/Presumed
             **OR** Nominal Damages                    $_____

             Punitive                                  $_____

You have now reached a verdict. Have your foreperson sign the verdict form and inform the bailiff.


_____
Foreperson

Date