```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MICHIGAN
                      SOUTHERN DIVISION
```

**RANDLE GRIFFIN,**

       Plaintiff,

                        **HONORABLE JOHN CORBETT O'MEARA**

  v.

                         **No. 11-14876**

**LOUIS CONDON, et al.,**

       Defendants.

_____/

**JURY TRIAL - VOLUME 5**

**Tuesday, January 24, 2017**

Appearances:

Brandon C. Hubbard
Wade Fink
Nolan John Moody
Jessica L. Russell          Clifton B. Schneider
Dickinson Wright, PLLC     Michigan Dept. of Att. General
500 Woodward Avenue, #4000  P.O. Box 30736
Detroit, Michigan  48226    Lansing, MI  48909
(313) 223-3500               (517) 373-6434
  On behalf of Plaintiff     On behalf of Defendants

                        -  -  -

*To obtain a certified transcript, contact:*
*Sheri K. Ward, Official Court Reporter*
*Theodore Levin United States Courthouse*
*231 West Lafayette Boulevard, Room 219*
*Detroit, Michigan  48226*
*(313)965-4401 · ward@transcriptorders.com*

*Transcript produced using machine shorthand and CAT software.*

*Jury Trial*
*Tuesday/January 24, 2017/Vol. 5*

**I N D E X**

|  | Page | Vol. |
|---|---|---|
| Jury Verdict ................................. | 7 | 5 |
| Jury Polled .................................. | 8 | 5 |
| Jury Dismissed ............................... | 9 | 5 |
| Certification of Reporter .................... | 11 | |

- - -

*11-14876; Griffin v. Condon, et al.*

*Jury Trial*
*Tuesday/January 24, 2017/Vol. 5*

V5-Page 3

1                     Detroit, Michigan

2                     Tuesday, January 24, 2017

3                     9:42 a.m.

4                     -  -  -

5         **THE CLERK:**  The court calls the matter of

6 *Randle Griffin v. Louis Condon et al.*, Case Number 11-14876.

7         **THE COURT:**  Counsel, please put your appearances on

8 the record to start the morning.

9         **MR. FINK:**  Good morning, Your Honor.  Wade Fink on

10 behalf of the plaintiff, Randle Griffin, with my cocounsel

11 Jessica Russell and cocounsel Nolan Moody.

12         **THE COURT:**  Good morning.  Thank you.

13         **MR. FINK:**  Good morning.

14         **MR. SCHNEIDER:**  Good morning, Your Honor.

15 Cliff Schneider on behalf of the defendants.

16         **THE COURT:**  Good morning to all of you.  You can sit

17 down for a minute.  I don't know how long this will take, but

18 it might take more than 30 seconds.

19     I have a, I guess from the same foreperson on the same

20 basis that we received notes yesterday, I have one saying,

21 "Your Honor," with the date on it today, "We, the jury, have

22 reached a verdict."

23     I guess I would like to assume that they really have and

24 that we're going to find a way to poll the jury and do so in a

25 satisfactory way.  I'm a little apprehensive though about

*Jury Trial*
*Tuesday/January 24, 2017/Vol. 5*

V5-Page 4

1   what's happened here, and to start with this morning, they have
2   had this, before we got this note, the parties and their
3   lawyers were of course someplace else.  We had to -- not that
4   you were -- had done anything wrong, but you were across the
5   street, as I understand it, and it took a few minutes to get
6   you here and really very little time that the jury had it in
7   the jury room before they concluded that they had reached a
8   verdict.
9        And I'm concerned, and we can look at it, and we will, but
10  I'm concerned that it may not be one that complies with the
11  provisions of the Form of Verdict, and if it doesn't, I think
12  we've got some questions, a question, or maybe more than one.
13  Well, this is something to think about.  If we're not satisfied
14  that there is something like a verdict that we purported to be
15  presented to the jury and that they complied with, it might be
16  that the parties themselves would like to conclude something
17  different from what's in the purported jury verdict if we can't
18  say that we have a jury verdict and that that verdict is
19  complicit with whatever we had in mind when we told the jury
20  what to do.
21       I may be confusing things more than helping them, but I'm
22  suggesting that there might be an alternative to, if the Form
23  of Verdict is not consistent and regular, there might be a way
24  that at least concludes this proceeding, which amounts, however
25  you put it, to a settlement between the parties if you could do

*11-14876; Griffin v. Condon, et al.*

*Jury Trial*
*Tuesday/January 24, 2017/Vol. 5*

V5-Page 5

1  that, if that were something that was agreeable to you, and I
2  think you were headed to some extent in that direction
3  yesterday.
4       You needn't, you needn't garble the record or confuse it
5  any more than I have already.  I just, I'm worried that we're
6  going to get something from the jury that might not look like
7  what we put out there and what happens if they do that.  It may
8  not happen.  They may come in with a verdict that is perfectly
9  consistent with what we gave them in the Form of Verdict.
10      Now, I don't -- if somebody has something dispositive,
11 something that you believe you need to say to have the record
12 reflect before we bring the jury in, I guess you can say it if
13 you do it short form right now, or you may have nothing and
14 maybe that's the answer, to let the jury come in and see what
15 they have got in their minds.
16          **MR. SCHNEIDER:**  Your Honor, when I hear you say
17 something dispositive, I feel like you are inviting me to renew
18 my motion for judgment as a matter of law and directed verdict,
19 and I believe I already did that and it was denied.  I want to
20 make sure I am not waiving that.
21          **THE COURT:**  You have done that, and you won't waive
22 your opportunity.
23          **MR. SCHNEIDER:**  Thank you.
24          **MR. FINK:**  Nothing from us, Your Honor, before we see
25 the verdict form and traditional polling of the votes.

*11-14876; Griffin v. Condon, et al.*

*Jury Trial*
*Tuesday/January 24, 2017/Vol. 5*

V5-Page 6

1    **THE COURT:**  I hope there is enough there that makes
2 sense that polling would make sense.
3    **MR. FINK:**  I understand.
4    **THE COURT:**  But I'm worried about that, and now I
5 have said enough about the whole thing, I guess.  Let's bring
6 in the jury.
7    **MR. FINK:**  Thank you, Your Honor.
8    **THE CLERK:**  All rise.
9       (Jury in at 9:50 a.m.)
10    **THE COURT:**  Good morning, members of the jury.
11 Please be seated.
12    This morning you were on time even though what we were
13 doing and how long it would take us to do it was not
14 necessarily understood by anybody in here or you, but I -- you
15 came back and you have told us in a note from the foreperson of
16 the jury that the jury has reached a verdict, and that would be
17 Mr. Fotchuk.  I have trouble, not that it's that complicated,
18 but I have trouble landing on that name and being confident
19 saying it.
20    **JUROR NUMBER 5:**  Fotchuk.
21    **THE COURT:**  Have you reached a verdict?
22    **JUROR NUMBER 5:**  We have, Your Honor.
23    **THE COURT:**  Hand it up, please.
24    Consistent with what the parties informed the Court and
25 informed you what they would accept as a significantly --

*11-14876; Griffin v. Condon, et al.*

*Jury Verdict*
*Tuesday/January 24, 2017/Volume 5*

V5-Page 7

1   sufficiently, I guess is the word, unanimous -- it's not
2   unanimous in the sense that it's a verdict that actually has
3   everybody in the same position, but basically what the parties
4   have done, as I understand it, and on that basis it's regular
5   and consistent, regarding seven people voting for a particular
6   result as unanimous as to that result or unanimous decision,
7   and I find that the verdict form is regular and consistent on
8   that basis and I ask Mr. Barkholz to read it into the record.
9           **THE CLERK:**  In the matter of *Randle Griffin v.*
10  *Louis Condon, Joseph Downard, Gary McMurtrie*, Case
11  Number 11-14876.
12       1.  Do you find that plaintiff proved by a preponderance
13  of the evidence that any of the defendants violated the
14  plaintiff's First Amendment rights?
15          Condon, yes.  Downard, yes.  McMurtrie, yes.
16       2.  Do you find that plaintiff proved by a preponderance
17  of the evidence that two or more of the defendants committed a
18  conspiracy to violate the plaintiff's First Amendment rights?
19          Condon, yes.  Downard, yes.  And McMurtrie, yes.
20       3.  We find that plaintiff proved his claims by a
21  preponderance of the evidence in Counts 1 and 2, and we award
22  damages in the following amounts:
23          Condon.  Actual compensatory, presumed or nominal damages,
24  $500.  Punitive, $5,000.
25          Downard.  Actual compensatory, presumed or nominal

*11-14876; Griffin v. Condon, et al.*

*Jury Polled*
*Tuesday/January 24, 2017/Vol. 5*

V5-Page 8

1   damages, $500.  Punitive, $5,000 -- or, I'm sorry, $3,000.
2   Punitive, that's $3,000.
3       McMurtrie.  Actual compensatory, presumed or nominal
4   damages, $500.  Punitive, $3,000.
5       And it is signed by the foreperson.
6           **THE COURT:**  Mr. Barkholz, will you make that part of
7   the official record in this case.
8       I am going to now poll the members of the jury and ask if
9   that is your verdict.
10      Juror Number 1, Rosalba Giles-Davis, is that your verdict?
11          **JUROR:**  Yes.
12          **THE COURT:**  And Mr. Petersmark, is that your verdict?
13          **JUROR:**  Yes.
14          **THE COURT:**  And Ms. Greenfield, is that your verdict?
15          **JUROR:**  Yes.
16          **THE COURT:**  And Ms. Quinkert, is that your verdict?
17          **JUROR:**  Yes.
18          **THE COURT:**  And Mr. Fotchuk -- have I got that right?
19          **THE FOREPERSON:**  You've got it right.
20          **THE COURT:**  And Mr. Shaun Hatfield, is that your
21  verdict?
22          **JUROR:**  Yes.
23          **THE COURT:**  Ms. Vela, is that your verdict?
24          **JUROR:**  Yes.
25          **THE COURT:**  And Mr. Rotenberg, is that your verdict?

*11-14876; Griffin v. Condon, et al.*

*Jury Dismissed*
*Tuesday/January 24, 2017/Vol. 5*

V5-Page 9

**JUROR:** Yes.

**THE COURT:** Very well. On the basis that Mr., that Mr. Barkholz has read the verdict into the record, it appears as though in fact the verdict was unanimous, and the jury has complied with its responsibility in several ways and been patient in coming back this extra morning, if that's what it is.

Thank you. Thank you for your service. I'm going to excuse you to discharge you in a minute. When I've done that, you can talk to anybody you want to about this, but you needn't talk to anybody, tell them anything that happened.

You might even get calls from media people, although I haven't seen any in the courtroom. I might not recognize every one of them, but usually I do. And you might get telephone calls from other people who are interested in the case. You can talk to them if you want to or you cannot talk to them, if that's what you desire. It's up to you. Once I say you are discharged, you are no longer under any, any compulsion to talk or not to talk or to say something or not to say something, and that includes the other members of the jury and what you tell, if anything, to other members not on the jury.

Thank you for being here this morning. Thank you for putting up with the cold weather and the rain. You have done your job, you have been good citizens, and you've been consistently there in the morning, here for us. We appreciate

1  that. Everybody here appreciates it. That in some cases isn't
2  entirely clear to jurors one way or another on some things, but
3  everybody appreciates the fact that you made the system work
4  and have been good citizens, very good citizens in doing so.
5      You can talk among other people, too, to counsel. It
6  won't be the parties. They won't come in. But if you want to
7  have counsel come in or, if not all counsel, select counsel, if
8  you want them to come in and you want to talk to them, you can
9  do that. And you cannot be there, I mean you can leave, or if
10 any of you want to, want to stay, you can stay, or you can get
11 out of there and do nothing.
12     The only exception I would make is that I would, I would
13 appreciate it if each of you or all of you would stay in there
14 for two or three minutes at the end of the time in which you
15 are discharged when you go into the jury room because I would
16 like to come in and shake your hand and thank you for your
17 service on this jury.
18     Having said all of that, you are discharged. Thank you
19 very much.
20     (Jury out at 9:54 a.m.)
21     **THE COURT:** Make sure they know they've got
22 certificates coming.
23     Counsel for plaintiffs, counsel for defendants, thank you
24 for your patience and courtesy. Is there anything further
25 anybody would like the record to reflect at this time?

*11-14876; Griffin v. Condon, et al.*

1     **MR. FINK:** From plaintiff, Your Honor, we just, we
2 intend to -- just let the record reflect we intend to file a
3 motion for attorney fees to the extent allowable by the Prison
4 Litigation Reform Act. We'll do that to the extent allowable,
5 but I just wanted to put that on the record.
6     **MR. SCHNEIDER:** Nothing from the defense.
7     **THE COURT:** Thank you to you, Mr. Griffin, and to the
8 defendants who have showed up on the stand, too. I appreciate
9 the fact that you're here doing your civic duty and
10 participating in the judicial process, and I know it's not
11 necessarily the most fun you have ever had, but you have done
12 it and done it well and I thank you for that. Good luck to all
13 of you.
14     You are remanded, Mr. Griffin. Good luck to you.
15     The Court is in recess.
16     **MR. FINK:** Thank you, Your Honor.
17     (Proceedings concluded at 10:00 a.m.)
18     - - -
19
20     **C E R T I F I C A T I O N**
21     I certify that the foregoing is a correct transcription of
22 the record of proceedings in the above-entitled matter.
23
24 s/ Sheri K. Ward_____     2/7/2017
    Sheri K. Ward     Date
25 Official Court Reporter

    *11-14876; Griffin v. Condon, et al.*

1                              -    -    -

*11-14876; Griffin v. Condon, et al.*