UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDLE GRIFFIN,

    Plaintiff,

                                       Case No. 11-14876

v.

                                       Hon. John Corbett O'Meara

LOUIS CONDON, *et al.*,

    Defendants.

_____/

# ORDER GRANTING IN PART MOTION
# FOR AWARD OF ATTORNEY'S FEES

Before the court is Plaintiff's motion for attorney's fees, costs, and postjudgment interest, filed August 11, 2017. Defendants filed a brief in response on September 8, 2017; Plaintiff submitted a reply on September 18, 2017. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

## BACKGROUND FACTS

Initially representing himself, Plaintiff Randle Griffin brought this action against the defendant corrections officers in 2011. Plaintiff alleged Defendants violated his First Amendment rights while he was incarcerated at Gus Harrison Correctional Facility in Adrian, Michigan. The case was initially dismissed, but the dismissal was reversed by the Sixth Circuit. Plaintiff's attorneys filed an

appearance in 2014, after the case was remanded.

Subsequently, the parties engaged in significant discovery and motion practice. Ultimately, Defendants' motion for summary judgment was denied and the matter proceeded to trial. After several days of trial, the jury returned a verdict in Plaintiff's favor on January 24, 2017. The jury awarded Plaintiff a total of $12,500, including punitive damages.

Defendants filed a motion for judgment as a matter of law, which was denied on July 14, 2017. The court entered judgment for Plaintiff in the amount of $12,565.73, including prejudgment interest. Plaintiff now seeks attorney's fees, costs, and postjudgment interest pursuant to 42 U.S.C. § 1988(b).[1]

## **LAW AND ANALYSIS**

Section 1988(b) permits a prevailing party in a 42 U.S.C. § 1983 case to seek reasonable attorney's fees and costs. The court should award attorney's fees and costs to "a prevailing plaintiff . . . unless special circumstances would render such award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (citations omitted). An attorney's fee award to a prevailing party who is a prisoner is limited by the Prison Litigation Reform Act, 42 U.S.C. §1997e(d).

---

[1] Defendants do not appear to dispute that Plaintiff is entitled to postjudgment interest.

> 42 U.S.C. § 1997e(d) provides four steps for determining an attorney's fees award: (1) determining whether Plaintiff prevailed for the purposes of § 1988; (2) calculating the amount of attorney's fees due under the lodestar method; (3) determining whether the amount of the fee is proportionate to the court ordered relief for the violation, or if the fee was directly and reasonably incurred in enforcing the relief ordered for the violation; and (4) if a monetary judgment is awarded, the Court will apply some portion of the judgment, not to exceed 25%, to satisfy the fee award and limit the total award of attorney's fees to 150% of the judgment.

Siggers-El v. Barlow, 433 F. Supp. 2d 811, 820 (E.D. Mich. 2006) (citing Morrison v. Davis, 88 F. Supp.2d 799, 809 (S.D. Ohio 2000)). See also Walker v. Bain, 257 F.3d 660, 667 (6th Cir. 2001) ("We believe that § 1997e(d)(2) must be read to limit defendants' liability for attorney fees to 150 percent of the money judgment.").

The parties do not dispute that Plaintiff is the prevailing party here. Recognizing §1997e(d)(2)'s limitation on attorney's fees, Plaintiff seeks fees in the amount of 150% of the judgment, or $18,848.60. Plaintiff's attorneys expended hundreds of hours conducting discovery, motion practice, and trial. In the court's experience, the calculation of a reasonable lodestar amount in the usual manner would result in a figure significantly higher than that sought by Plaintiff. Given the amount of work involved, the level of experience of counsel, and the results achieved, the court finds that $18,848.60 is well within the limits of a reasonable

attorney fee.

Defendants argue that the court should exercise its discretion in favor of applying 25% of the judgment to satisfy the attorney's fees awarded against them. See 42 U.S.C. § 1997e(d)(2). Given the constitutional rights at stake and the jury's indication that Defendants' actions warranted punitive damages, the court finds no basis to significantly reduce the jury's award to Plaintiff in order to satisfy the award of attorney's fees. The court will assess $1 of the judgment amount toward the award of attorney's fees. See Morrison v. Davis, 88 F. Supp.2d 799, 811 (S.D. Ohio 2000) ("In light of the facts of this case, the constitutional rights implicated, and the jury's clear signal that the Defendants should be punished, the Court finds that a $1 assessment against the judgment is within its discretion under § 1997e(d)(2).").

Plaintiff also seeks an award of costs. Plaintiff has not, however, submitted appropriate documentation supporting his request for costs. Plaintiff may submit a properly supported bill of costs to the Clerk of the Court pursuant to Local Rule 54.1, which will be timely if submitted within ten days of the date of this order.

## **ORDER**

IT IS HEREBY ORDERED that Plaintiff's motion for attorney's fees, costs, and postjudgment interest is GRANTED IN PART, consistent with this opinion

and order.

            s/John Corbett O'Meara
            United States District Judge

Date: October 25, 2017

  I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 25, 2017, using the ECF system.

            s/William Barkholz
            Case Manager